UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:14-cv-02316 |
| ) | Judge Aleta A. Trauger |
| v. ) ) | |
| JEREMY D. LYELL; ABSOLUTE ENVIRONMENTAL CONTRACTORS, LLC; REGIONS BANK; and RYAN B. WALLACE, in his official capacity as a notary public of Davidson County Tennessee, ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| REGIONS BANK AND RYAN WALLACE, ) ) | |
| Cross-Plaintiffs, ) ) | |
| v. ) ) | |
| JEREMY D. LYELL, ) ) | |
| Cross-Defendant, ) ) | |
| and ) ) | |
| JEREMY D. LYELL, ) ) | |
| Cross-Plaintiff, ) ) | |
| v. ) ) | |
| REGIONS BANK AND RYAN WALLACE, ) ) | |
| Cross-Defendants. ) | |

# MEMORANDUM AND ORDER

Pending before the court is Regions Bank and Ryan Wallace's Partial Motion to Dismiss Cross Claim of Jeremy D. Lyell (Docket No. 19), to which Mr. Lyell has filed a Response in Opposition (Docket No. 24), and Regions Bank and Mr. Wallace have filed a Reply (Docket No. 27). For the reasons discussed herein, the Partial Motion to Dismiss will be granted, and Mr. Lyell's Cross-Claim will be dismissed in part, without prejudice.

## BACKGROUND

In January 2008, two indemnity agreements were executed between, among others, American Contractors Indemnity Company ("ACIC"), Absolute Environmental Contractors, LLC ("Absolute"), and Mr. Lyell. The terms of these agreements (the "Indemnity Agreements") provided that ACIC would issue surety bonds on behalf of Absolute, in connection with contracting work, and that Absolute and Mr. Lyell – in his individual capacity – would indemnify ACIC for costs associated with those bonds. The signatures on one of the two Indemnity Agreements were notarized by Ryan Wallace, a Davidson County notary public and an employee of Regions Bank.

In reliance on the Indemnity Agreements, ACIC issued bonds on Absolute's behalf. ACIC alleges that Absolute later defaulted on certain of those bonds, resulting in claims by bond obligees against ACIC (some of which ACIC has already paid), and that Absolute and Mr. Lyell have failed to reimburse ACIC for the associated costs as per the Indemnity Agreements. Mr. Lyell claims that his signatures on the Indemnity Agreements, including the signature notarized by Mr. Wallace, were forged, without his knowledge or authorization.

On December 2, 2014, ACIC filed a Complaint against (1) Absolute[1] and Mr. Lyell for breach of contract; and (2) Regions Bank and Mr. Wallace, in his capacity as a Davidson County notary public, for negligence. (Docket No. 1).

On January 22, 2015, Regions Bank and Mr. Wallace (collectively, "Regions") filed an Answer to ACIC's Complaint, which raised a Cross-Claim against Mr. Lyell for unjust enrichment (Docket. No. 16). Regions alleges that Mr. Lyell benefitted from the Indemnity Agreements because the Indemnity Agreements allowed Absolute to obtain bonds from ACIC, which in turn allowed Absolute to enter construction contracts from which Mr. Lyell profited. Accordingly, Regions argues that it would be unjust to allow Mr. Lyell to now disavow his signature on the Indemnity Agreements in order to avoid liability to ACIC, and in turn expose Regions to liability for the unenforceability of the Indemnity Agreements.

On February 11, 2015, Mr. Lyell filed an Answer to Regions' Cross-Claim and raised two Cross-Claims of his own against Regions (Docket No. 17), one for common law negligence and one for violations of the Tennessee Consumer Protection Act of 1977, TENN. CODE ANN. §§ 47-18-101 – 47-18-130 ("TCPA"). In support of both claims, Mr. Lyell alleges that Mr. Wallace – and by extension Regions Bank – failed to exercise reasonable care in confirming the identity of the person who allegedly forged Mr. Lyell's signature.

On February 19, 2015, Regions filed the pending Partial Motion to Dismiss (Docket. No. 19) and accompanying Memorandum of Law (Docket No. 20), seeking to dismiss Mr. Lyell's claims under the TCPA. On March 24, 2015, Mr. Lyell filed a Response in Opposition (Docket

---

[1] On March 31, 2015, an Entry Of Default against Absolute was issued by the Clerk of Court (Docket No. 26).

No. 24) and accompanying Memorandum of Law (Docket No. 25). And, on March 31, 2015, Regions filed a Reply (Docket No. 27).

## ANALYSIS

### I. Rule 12(b)(6) Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

**II.    Regions' Motion**

Regions has moved to dismiss Mr. Lyell's TCPA claims on three grounds: 1) there is no private right of action under TCPA § 47-18-104(b)(27); 2) Mr. Lyell has failed to state a claim; and 3) Mr. Lyell's claims are time-barred.  In response to Regions' motion, Mr. Lyell asserts that his claims arise under: (1) TCPA § 47-18-104(b)(5) and TCPA § 47-18-104(b)(7), and (2) the Tennessee Identity Theft Deterrence Act of 1999, TENN. CODE ANN. §§ 47-18-2101 – 47-18-2110 ("ITDA").[2]   He concedes that there is no private right of action under TCPA § 47-18-104(b)(27). As discussed below, Mr. Lyell's claims are time-barred under the applicable statutes of limitations.  It is therefore unnecessary to reach the question of whether Mr. Lyell has failed to state a claim.

**A. Mr. Lyell's Cause of Action Under TCPA § 47-18-104(b) is Time-Barred**

TCPA § 47-18-104(b) declares that an enumerated list of "unfair or deceptive acts or practices affecting the conduct of any trade or commerce" are violations of the TCPA.  TPCA § 47-18-109 provides for a private right of action to recover damages arising from TCPA § 47-18-104(b) violations.  Actions filed pursuant to TCPA § 47-18-109 are, in turn, governed by a five-year statute of repose found in § 47-18-110, which provides that "in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief."

Mr. Lyell does not contest that the "consumer transaction" giving rise to his claim was the notarization of the Indemnity Agreements in January of 2008.  He also does not contest that he filed his Cross-Claim in February 2015, more than five years thereafter.  However, Mr. Lyell

---

[2] The court notes that nowhere in his Cross-Claim does Mr. Lyell make mention of the ITDA. (*See* Docket No. 17.)

contends that the five-year statute of repose found in TCPA § 47-18-110 is tolled because of fraudulent concealment by Regions. Regions contends that TCPA § 47-18-110 is not subject to tolling based on the common law doctrine of fraudulent concealment and that, in any event, Mr. Lyell did not sufficiently allege fraudulent concealment.

A claim of fraudulent concealment under Tennessee common law requires that a defendant has taken active steps to prevent the claimant from learning of the facts giving rise to his claim. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 461-63 (Tenn. 2012). Without reaching Regions' argument that TCPA § 47-18-110 is not subject to common law tolling, Mr. Lyell's action is nonetheless barred because his pleadings are devoid of any allegations that Regions fraudulently concealed the facts giving rise to his claim. There are no allegations to suggest that Regions Bank or Mr. Wallace knew or should have known that the signature on the Indemnity Agreements was not Mr. Lyell's, either at the time the document was notarized or at any point thereafter, let alone that they took any steps to conceal this fact from him.

### B. Mr. Lyell's Cause of Action Under the ITDA Is Time-Barred

Violations of the ITDA "shall be construed to constitute an unfair or deceptive act or practice affecting trade or commerce and subject to the penalties and remedies as provided in [the TCPA], in addition to the remedies and penalties set forth in [the ITDA]." TENN. CODE ANN. § 47-18-2106. The language in this provision tracks the language in TCPA § 104(b), which, as discussed above, gives rise to a private cause of action under TCPA § 47-18-109. ITDA § 47-18-2104 also provides a private right of action for alleged ITDA violations. In other words, it appears that a violation of the ITDA authorizes both a private cause of action under ITDA § 47-18-2104 and a cause of action under TCPA § 47-18-109.

To the extent that Mr. Lyell's ITDA claim is brought pursuant to TCPA § 47-18-109, it is time-barred for the reasons discussed in the previous section. To the extent that Mr. Lyell's action arises under ITDA § 47-18-2104, it is subject to the ITDA's own statute of limitations, which states as follows: "A private action to enforce liability created under [the ITDA] may be brought within two (2) years from the date the liability arises, except that where a defendant has concealed the liability to that person, under this part, the action may be brought within two (2) years after the discovery by the person of the liability." TENN. CODE ANN. § 47-18-2104.

Regions argues that, because Mr. Lyell has failed to allege fraudulent concealment, his claim under ITDA § 47-18-2104 must have been brought within two years of when the liability arose. Mr. Lyell does not contest that his liability arose in January 2008 when the Indemnity Agreements were executed.[3] Instead, Mr. Lyell's sole argument is that Regions concealed the liability from him, and therefore his claim was timely filed within two years of his discovery of the liability. Mr. Lyell further argues that ITDA § 47-18-2104 does not require *fraudulent* concealment in order for a cause of action to be brought within two years of discovery. Mr. Lyell's theory of concealment is based solely on his argument that Mr. Wallace – and by extension Regions Bank – had a legal duty, based on the foreseeable risk of harm, to disclose to Mr. Lyell that Mr. Wallace failed to exercise ordinary and reasonable care in notarizing the signing of Mr. Lyell's name on the Indemnity Agreements.

---

[3] In addition to arguing that, to the extent that liability arose at the time the Indemnity Agreements were notarized in 2008, Mr. Lyell's ITDA claim is time-barred, Regions also raises the alternative argument that liability under the ITDA has yet to arise. Specifically, Regions argues that because there has been no judgment to date obligating Mr. Lyell to pay damages to ACIC, Mr. Lyell cannot yet raise a claim under the ITDA at all. That argument, however, is unpersuasive, since liability under ITDA § 47-18-2104 for purposes of Mr. Lyell's Cross-Claim refers to Regions' liability to Mr. Lyell, not Mr. Lyell's liability to a third party.

Even if, as Mr. Lyell argues, the standard for concealment under ITDA § 47-18-2104 does not require the same showing of fraud as a claim for fraudulent concealment under Tennessee common law, there are still no allegations in Mr. Lyell's pleadings to suggest concealment, or anything other than mere negligence, by Regions. For this reason, Mr. Lyell's claims under ITDA § 47-18-2104 are time-barred. Mr. Lyell's pleadings do not allege that Regions Bank or Mr. Wallace at any point knew or should have known that the signatures on the Indemnity Agreements were not those of Mr. Lyell. There are further no allegations suggesting that Regions Bank or Mr. Wallace were in any way involved in, or benefitted from, the underlying transaction that was the subject of the Indemnity Agreements.

## CONCLUSION

For these reasons, Regions Bank and Mr. Wallace's Partial Motion to Dismiss Cross Claim Of Jeremy D. Lyell (Docket No. 19) is **GRANTED**. Accordingly, Mr. Lyell's Cross-Claim under the TCPA is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

Enter this 23rd day of June 2015.

_____
ALETA A. TRAUGER
United States District Judge